**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ROUZE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ONE WORLD TECHNOLOGIES, INC. d/b/a RYOBI OUTDOOR PRODUCTS,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Richard Rouze ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendant One World Technologies, Inc. d/b/a Ryobi Outdoor Products ("Defendant" or "Ryobi") for the manufacture, marketing, and sale of the Ryobi Cordless Backpack Chemical Sprayer (the "Sprayer"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

## NATURE OF ACTION

1. This is a class action against Defendant Ryobi for the manufacture and sale of defective Ryobi Cordless Backpack Chemical Sprayers, all of which suffer from an identical design defect. The Sprayer is defective because the sprayer wand can easily become detached from the hose causing weed killer and other dangerous chemicals to spray the user. This defect renders the Sprayer dangerous and unsuitable for its principal and intended purpose.

2. Plaintiff brings claims against Defendant individually and on behalf of a class of all other similarly situated purchasers of the Sprayer for (1) fraud; (2) unjust enrichment; (3) violation of California's Consumers Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et. seq.*; (4) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210; and (5) breach of implied warranty of fitness.

## PARTIES

3. Plaintiff Richard Rouze is a resident of Orangevale, California. On February 3, 2018, Mr. Rouze purchased the Sprayer at a Home Depot store in Folsom, California to distribute weed killer in his yard. Prior to using the Sprayer, he reviewed the Sprayer's manual and instructions for use. While using the Sprayer at his home for just the second time, the hose became detached from the sprayer wand causing Mr. Rouze to be sprayed in the face, mouth and body with toxic weed killer. The Sprayer continued to pump weed killer even after the hose detached. Ryobi failed to disclose this significant defect in the Sprayer (the "Defect"). If Mr. Rouze had known about this Defect, he would not have purchased the Sprayer.

4. Mr. Rouze reviewed the Sprayer's packaging prior to purchase. The Sprayer packaging could have disclosed the Defect, but did not. Had there been a disclosure, Mr. Rouze

would not have bought the Sprayer. Mr. Rouze relied on the packaging in making his purchase decision.

5. Defendant One World Technologies, Inc. d/b/a Ryobi Outdoor Products is a Delaware corporation with its principal place of business at 1428 Pearman Dairy Road, Anderson, South Carolina 29625. Defendant manufactures, markets, and distributes the Sprayer throughout the United States at Home Depot home improvement stores.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

7. This Court has personal jurisdiction over Defendant because Defendant conducts substantial business within California such that Defendant has significant, continuous, and pervasive contacts with the State of California. Defendant is registered to do business in the State of California.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant does substantial business in this District, a substantial part of the events giving rise to Plaintiff's claims took place within this District because Plaintiff purchased the Sprayer in this District and resides in this District.

## COMMON FACTUAL ALLEGATIONS

9. Defendant is a corporation that sells power tools and other home equipment products in the United States and other countries around the world. Defendant claims to be "one of the world's largest and most innovative power tool and outdoor product manufacturers." In the United States, Defendant has an exclusive agreement to sell its products at Home Depot. One of the products Ryobi sells is an 18V One+ 4 Gal. Backpack Chemical Sprayer. The Sprayer's model number is P2840. The Sprayer has a tank that can hold up to four gallons of liquid chemicals. It also has a four-foot-long hose that is designed to distribute the chemicals from the tank to the sprayer wand.



10. On its website, Defendant states that the Sprayer can "easily distribute herbicides, pesticides and fertilizer in your yard." Defendant further states that the Sprayer is "the perfect tool" and emphasizes that "no pumping [is] required." The Sprayer's manual states that "[y]our chemical sprayer has been engineered and manufactured to our high standard for dependability, ease of operation, and operator safety." The manual also states that the Sprayer "keeps fluid continuously cycling through the tank to allow pump-free spraying."

11. Unfortunately, as Plaintiff Rouze experienced, the Sprayer does not work as represented and has a Defect that makes it dangerous to use. The hose can easily become disconnected from the sprayer wand and cause the user to be sprayed with dangerous chemicals like Mr. Rouze was. To make matters worse, the Sprayer lacks a shut-off and continues to pump even after the hose detaches from the sprayer wand.

12. Other consumers have complained about the same Defect as Mr. Rouze experienced. On Ryobi's website, a consumer named Keith T stated that he purchased the Sprayer and that "the hose from the tank to the wand ruptured … completely soaking me with chemical." He also stated that "the hose was a very thin rubber/vinyl material that had no business holding pressurized liquid."

> ★ Keith T · 9 months ago
> **So close to being a great product**
>
> I purchased this sprayer for my landscaping company to spray weed control with. The pump itself ran great! I loved the constant, consistent pressure. I felt that we used less product and got better coverage by having consistent pressure. Unfortunately the hose from the tank to the wand ruptured on the second tank completely soaking me with chemical. The hose was a very thin rubber/vinyl material that had no business holding pressurized liquid. I ended up returning the sprayer. I'm sure eventually they'll figure it out and use a higher quality hose but until then you're wasting your time and money buying this sprayer.
>
> **Frequency of Use** Daily
> **Length of Use:** First Time User
> Did you submit this review as part of a sweepstakes entry? yes
>
> ⊗ No, I do not recommend this product.
>
> Helpful?  Yes · 3   No · 1   Report
>
> Durability
> Ease Of Use
> Performance
> Weight
> Power
> Affordability

13.     Likewise, on a Youtube video demonstrating how to use the Sprayer, there is a discussion in the comments section about the quality of the Sprayer's wand.  In a reply comment, a user named "Solely Ryobi" calls the amount of plastic used to create this product "concerning."  In another exchange on the same video, a user by the name of "Ron D." describes a defect with the handle where upon turning the unit on, "it immediately starts spraying."  Solely Ryobi replies that they "were concerned about the handle malfunctioning when [they] tested it."

14.     In a thread titled "Ryobi Battery Backpack Sprayer" on the website "The Lawn Forum," users discuss the merits of the Sprayer as a whole.  After a short conversation regarding inconsistent wand pressure, a user posting under the name "njoy1389" details a possible issue with the included wand's pressure control.  Users in this thread hypothesize that it leaks if too loose, and often loses pressure quickly and reduces to a trickle if too tight.  Two users in the discussion posted pictures of their "upgraded" backpack rigs that include a metal wand instead of the plastic wand included on the units sold at retail.

15.     On Home Depot's detail page for the Sprayer, multiple consumers describe having issues with the product.  A consumer known as 'JB' reports that "after using [the sprayer] for about 5 minutes the back side of the spray wand blew apart while under pressure and got all over my grass."  Another Home Depot consumer leaving a review using the screen name "yarddude"

reported that upon first use, the backpack's tank began leaking, soaking him in dangerous chemicals. One consumer under the name "Jc" experienced a problem with the pump motor where it "continues to run if you run out of liquid. It should really shut off[...]". Two more users by the names "Jaxbulldawg" and "willie F" cite "cheap" wand quality and a blown-out wand hose, respectively.

16. The Defect involves a critical safety-related component of the Sprayer, and it was unsafe to use the Sprayer because of its significant likelihood of spraying the user with dangerous chemicals. Moreover, even after the wand disconnects from the hose, the pump continues to output chemicals causing the user to be drenched. This Defect has been reported on Defendant's website as well as on the website of its exclusive retailer Home Depot. As such, Defendant had knowledge of the Defect, which was not known to Plaintiff or Class Members.

## CLASS REPRESENTATION ALLEGATIONS

17. Plaintiff seeks to represent a class defined as all persons in the United States who purchased the Sprayer (the "Class"). Excluded from the Class are persons who made such purchases for purpose of resale.

18. Plaintiff also seeks to represent a subclass of all Class Members who purchased the Sprayer in the State of California (the "Subclass").

19. At this time, Plaintiff does not know the exact number of members of the aforementioned Class and Subclass ("Class Members" and "Subclass Members," respectively); however, given the nature of the claims and the number of retail stores in the United States selling Defendant's Sprayer, Plaintiff believes that Class and Subclass Members are so numerous that joinder of all members is impracticable.

20. There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Class that predominate over questions that may affect individual Class Members include, but are not limited to:

    (a) whether Defendant misrepresented and/or failed to disclose material facts concerning the Sprayer;

(b) whether Defendant's conduct was unfair and/or deceptive;

(c) whether Defendant has been unjustly enriched as a result of the unlawful conduct alleged in this Complaint such that it would be inequitable for Defendant to retain the benefits conferred upon Defendant by Plaintiff and the Class; and

(d) whether Plaintiff and the Class have sustained damages with respect to the claims asserted, and if so, the proper measure of their damages.

21. With respect to the Subclass, additional questions of law and fact common to the members that predominate over questions that may affect individual members include whether Defendant violated the Consumers Legal Remedies Act as well as California's Unfair Competition Law.

22. Plaintiff's claims are typical of those of the Class because Plaintiff, like all members of the Class, purchased, in a typical consumer setting, Defendant's Sprayer, and Plaintiff sustained damages from Defendant's wrongful conduct.

23. Plaintiff will fairly and adequately protect the interests of the Class and Subclass and has retained counsel that is experienced in litigating complex class actions. Plaintiff has no interests which conflict with those of the Class or the Subclass.

24. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

25. The prosecution of separate actions by members of the Class and the Subclass would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another might not. Additionally, individual actions could be dispositive of the interests of the Class and the Subclass even where certain Class or Subclass Members are not parties to such actions.

## COUNT I
### (Fraud by Omission)

26. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

27. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

28. This claim is based on fraudulent omissions concerning the safety of consumers who use the Sprayer. As discussed above, Defendant failed to disclose that the Sprayer had a dangerous Defect, or that the Defect was substantially likely to manifest through the customary and intended use of the Sprayer.

29. The false and misleading omissions were made with knowledge of their falsehood. Defendant is a nationwide home and garden equipment and tool distributor who knew of reports of the Sprayer' defective and dangerous nature. Nonetheless, Defendant continued to sell its Sprayer to unsuspecting consumers.

30. The false and misleading omissions were made by Defendant, upon which Plaintiff and members of the proposed Class and Subclass reasonably and justifiably relied, and were intended to induce and actually induced Plaintiff and members of the proposed Class and Subclass to purchase the Sprayer.

31. The fraudulent actions of Defendant caused damage to Plaintiff and members of the proposed Class and Subclass, who are entitled to damages and other legal and equitable relief as a result.

## COUNT II
### (Unjust Enrichment)

32. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

33. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

34. Plaintiff and Class Members conferred benefits on Defendant by purchasing the Sprayer.

35. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff's and Class Members' purchases of the Sprayer. Retention of those moneys under these circumstances is unjust and inequitable because Defendant failed to disclose that the Sprayer was

unfit for use, or that the Defect was substantially likely to manifest through the customary and intended use of the Sprayer. These omissions caused injuries to Plaintiff and Class Members because they would not have purchased the Sprayer if the true facts were known.

36. Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiff and Class Members is unjust and inequitable, Defendant must pay restitution to Plaintiff and Class Members for its unjust enrichment, as ordered by the Court.

## COUNT III

### Violation of California's Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1750, *et seq.*

37. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

38. Plaintiff brings this claim individually and on behalf of the members of the proposed Subclass against Defendant.

39. Civil Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." Civil Code § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." Civil Code § 1770(a)(9) prohibits "advertising goods or services with intent not to sell them as advertised."

40. Defendant violated Civil Code § 1770(a)(5), (a)(7) and (a)(9) by holding out the Sprayer as fit for use, when in fact the Sprayer was defective and dangerous.

41. The Defect involves a critical safety-related component of the Sprayer, and it was unsafe to use the Sprayer with the Defect.

42. Defendant had exclusive knowledge of the Defect, which was not known to Plaintiff or Class Members.

43. Defendant made partial representations to Plaintiff and the Class Members, while suppressing the safety Defect. Specifically, by displaying the Sprayer and describing its features,

CLASS ACTION COMPLAINT                                                                                     8

the product packaging and Defendant's website implied that the Sprayer was suitable for use, without disclosing that the Sprayer had a critical safety-related Defect that could result in harm to users of the Sprayer.

44. Plaintiff and the Subclass Members have suffered harm as a result of these violations of the CLRA because they have incurred charges and/or paid monies for the Sprayer that they otherwise would not have incurred or paid.

45. On October 18, 2018, prior to the filing of this Complaint, Plaintiff's counsel sent Defendant a CLRA notice letter, which complies in all respects with California Civil Code §1782(a). The letter was sent via certified mail, return receipt requested, advising Defendant that it was in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom. The letter stated that it was sent on behalf of Plaintiff and all other similarly situated purchasers. A true and correct copy of Plaintiff's CLRA letter is attached hereto as Exhibit A.

## COUNT IV
### (Violation California's Unfair Competition Law)

46. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

47. Plaintiff brings this claim individually and on behalf of the members of the proposed Subclass against Defendant.

48. By committing the acts and practices alleged herein, Defendant has violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, as to the Subclass, by engaging in unlawful, fraudulent, and unfair conduct.

49. Defendant has violated the UCL's proscription against engaging in unlawful conduct as a result of its violations of the CLRA, Cal. Civ. Code § 1770(a)(5) and (a)(7) as alleged above.

50. Defendant's acts and practices described above also violate the UCL's proscription against engaging in fraudulent conduct.

CLASS ACTION COMPLAINT                                                                                                  9

51. As more fully described above, Defendant's misleading marketing, advertising, packaging, and labeling of the Sprayer is likely to deceive reasonable consumers.

52. Defendant's acts and practices described above also violate the UCL's proscription against engaging in unfair conduct.

53. Plaintiff and the other Subclass Members suffered a substantial injury by virtue of buying the Sprayer that they would not have purchased absent Defendant's unlawful, fraudulent, and unfair marketing, advertising, packaging, and omission about the defective nature of the Sprayer.

54. There is no benefit to consumers or competition from deceptively marketing and omitting material facts about the defective nature of the Sprayer.

55. Plaintiff and the other Subclass Members had no way of reasonably knowing that the Sprayer they purchased were not as marketed, advertised, packaged, or labeled. Thus, they could not have reasonably avoided the injury each of them suffered.

56. The gravity of the consequences of Defendant's conduct as described above outweighs any justification, motive, or reason therefore, particularly considering the available legal alternatives which exist in the marketplace, and such conduct is immoral, unethical, unscrupulous, offends established public policy, or is substantially injurious to Plaintiff and the other members of the Subclass.

57. Pursuant to California Business and Professional Code § 17203, Plaintiff and the Subclass seek an order of this Court that includes, but is not limited to, an order requiring Defendant to:

(a) provide restitution to Plaintiff and the other Subclass Members;

(b) disgorge all revenues obtained as a result of violations of the UCL;

(c) pay Plaintiff's and the Subclass' attorney's fees and costs.

## COUNT V
### (Breach of Implied Warranty)

58. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

59. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

60. Defendant is, and at all relevant times was, a merchant engaged in the business of manufacturing and distributing, among other things, the Sprayer.

61. Plaintiff and the Class Members purchased the Sprayer.

62. Defendant is a manufacturer and merchant with respect to goods of this kind, which were sold to Plaintiff and other consumers, and there was in the sale to Plaintiff and other consumers an implied warranty that those goods were merchantable and that they were fit for its intended use.

63. However, Defendant breached that warranty implied in the contract for the sale of goods in that the Sprayer is completely unusable, lack even the most basic degree of fitness for ordinary or intended use, and are not safe for human use as set forth in detail herein above.

64. The Sprayer is defective and unusable because they were distributed to the public containing a harmful Defect, and because the Defect was substantially likely to manifest through the customary and intended use of the Sprayer. As a result, the Sprayer was not usable and dangerous to the health of its users.

65. As a direct and proximate result of this breach of warranty by Defendant, Plaintiff and other consumers have been damaged by paying monies for the Sprayer that is completely unusable and unfit for its intended purpose. Plaintiff seeks damages in an amount to be proven at trial for the injuries suffered from Defendant's breach of the implied warranties. The damages suffered by Plaintiff and the Class Members include, but are not limited to, the monies paid to Defendant for the Sprayer.

66. As a result of Defendant's conduct, Plaintiff did not receive goods as impliedly warranted by Defendant to be merchantable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seek judgment against Defendant, as follows:

  a. For an order certifying the nationwide Class and the Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and Subclass Members;

  b. For an order declaring the Defendant's conduct violates the statutes referenced herein;

  c. For an order finding in favor of Plaintiff, the nationwide Class, and the Subclass on all counts asserted herein;

  d. For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

  e. For pre-judgment interest on all amounts awarded;

  f. For an order of restitution and all other forms of monetary relief;

  g. For an order awarding Plaintiff and the Class and Subclass their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable.

Dated: July 11, 2019      **BURSOR & FISHER, P.A.**

              By: */s/ L. Timothy Fisher*
                 L. Timothy Fisher

            L Timothy Fisher (State Bar No. 191626)
            1990 North California Blvd., Suite 940
            Walnut Creek, CA 94596
            Telephone: (925) 300-4455
            Facsimile:  (925) 407-2700
            E-mail: ltfisher@bursor.com

            *Attorneys for Plaintiff*

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, L. Timothy Fisher, declare as follows:

1. I am an attorney at law licensed to practice in the State of California and a member of the bar of this Court. I am a partner at Bursor & Fisher, P.A., counsel of record for Plaintiff in this action. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify thereto under oath.

2. The Complaint filed in this action is filed in the proper place for trial under California Civil Code Section 1780(d) because Plaintiff resides in this district and a substantial portion of the transactions at issue occurred in this county.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed at Walnut Creek, California on July 11, 2019.

*/s/ L. Timothy Fisher*
_____
L. Timothy Fisher

**EXHIBIT A**

# BURSOR & FISHER
P.A.

**1990 N. California Blvd.**
**SUITE 940**
**WALNUT CREEK, CA 94596**
**www.bursor.com**

**L. TIMOTHY FISHER**
Tel: **925.300.4455**
Fax: **925.407.2700**
**ltfisher@bursor.com**

October 18, 2018

*Via Certified Mail - Return Receipt Requested*

One World Technologies, Inc. d/b/a Ryobi Outdoor Products
1428 Pearman Dairy Road
Anderson, SC 29625

Home Depot U.S.A., Inc.
2455 Paces Perry Road
Atlanta, GA 30339

Re:   *Demand Letter Pursuant to California Civil Code § 1782*

To Whom It May Concern:

This letter serves as a preliminary notice and demand for corrective action by One World Technologies, Inc. d/b/a Ryobi Outdoor Products ("Ryobi") and Home Depot U.S.A., Inc. ("Home Depot") pursuant to the provisions of California Civil Code § 1782 and U.C.C. § 2-607(3)(A), on behalf of our client Richard Rouze and all other persons similarly situated.

In February 2018, Mr. Rouze purchased a Ryobi Cordless Backpack Chemical Sprayer (the "Sprayer") at a Home Depot store in Folsom, California to distribute weed killer in his yard. While using the Ryobi Sprayer at his home, the hose became detached from the sprayer wand causing Mr. Rouze to be sprayed in the face and body with weed killer. The sprayer continued to pump weed killer even after the hose detached. Other purchasers have reported similar problems with the Ryobi Sprayer. Ryobi failed to disclose this significant defect in the Sprayer. If Mr. Rouze had known about this defect, he would not have purchased the Ryobi Sprayer. By failing to disclose this defect, you have violated numerous provisions of California law including the Consumers Legal Remedies Act, California Civil Code § 1770, including but not limited to subsections (a)(5), (a)(7) and (a)(9).

We hereby demand that you immediately (1) cease and desist from fraudulently marketing the Ryobi Sprayer, and (2) make full restitution of all monies obtained from purchasers of that product.

**BURSOR & FISHER, P.A.**
page 2

It is further demanded that you preserve all documents and other evidence which refer or relate to any of the above-described practices including, but not limited to, the following:

1. All documents regarding the advertisement and marketing of the Ryobi Sprayer;

2. All documents concerning the sale of Ryobi Sprayer, including the total amount of money generated from the sale of that product;

3. All documents concerning any testing or other research done regarding the safety of the Ryobi Sprayer;

4. All communications with customers concerning complaints related to defects in the design of the Ryobi Sprayer;

5. All documents concerning the identity of those individuals who purchased the Ryobi Sprayer; and

6. All documents and/or communications between you and any retailer relating to the Ryobi Sprayer.

Please comply with this demand within 30 days from receipt of this letter.

We are willing to negotiate with you to attempt to resolve the demands asserted in this letter. If you wish to enter into such discussions, please contact me immediately. If I do not hear from you promptly, I will conclude that you are not interested in resolving this dispute short of litigation.

If you contend that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents immediately upon receipt of this letter, but in no event later than 30 days from the date of receipt.

Very truly yours,


L. Timothy Fisher
ltfisher@bursor.com