1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ROUZE, individually and on behalf of all others similarly situated,<br><br>                 Plaintiff,<br><br>     v.<br><br>ONE WORLD TECHNOLOGIES, INC. d/b/a RYOBI OUTDOOR PRODUCTS,<br><br>               Defendant. | Case No. 2:19-cv-01291-TLN-DB<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br><u>**JURY TRIAL DEMANDED**</u> |

Plaintiff Richard Rouze ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendant One World Technologies, Inc. d/b/a Ryobi Outdoor Products ("Defendant" or "Ryobi") for the manufacture, marketing, and sale of the Ryobi Cordless Backpack Chemical Sprayer (the "Ryobi Sprayer").  Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

## NATURE OF ACTION

1.     This is a class action against Defendant Ryobi for the manufacture and sale of defective Ryobi Sprayers, all of which suffer from identical design defects.  The Ryobi Sprayer is defective because the sprayer wand can easily become detached from the hose causing weed killer and other dangerous chemicals to spray the user.  The Ryobi Sprayer also continues to pump dangerous chemicals even after the sprayer wand becomes disconnected from the hose or unit.  These defects render the Ryobi Sprayer dangerous and unsuitable for its principal and intended purpose.

2.     Plaintiff brings claims against Defendant individually and on behalf of a class of all other similarly situated purchasers of the Ryobi Sprayer for (1) fraud by omission; (2) unjust enrichment; (3) violation of California's Consumers Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et seq.*; (4) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and (5) violation of the Song-Beverly Warranty Act, Civil Code § 1790, *et seq.*

## PARTIES

3.     Plaintiff Richard Rouze is a resident of Orangevale, California.  On February 3, 2018, Mr. Rouze purchased the Ryobi Sprayer at a Home Depot store in Folsom, California to distribute weed killer in his yard.  Prior to using the Ryobi Sprayer, he reviewed the manual and instructions for use.  While using the Ryobi Sprayer at his home for just the second time, the hose became detached from the sprayer wand causing Mr. Rouze to be sprayed in the face, mouth and body with toxic weed killer.  The Ryobi Sprayer also continued to pump weed killer on Mr. Rouze even after the hose detached.  Ryobi failed to disclose these significant defects in the Ryobi

1    Sprayer (the "Defects").  If Mr. Rouze had known about these Defects, he would not have

2    purchased the Ryobi Sprayer.

3        4.      Mr. Rouze reviewed the Ryobi Sprayer's packaging prior to purchase.  The

4    packaging could have disclosed the Defects, but did not.  Had there been a disclosure, Mr. Rouze

5    would not have bought the Ryobi Sprayer.  Mr. Rouze relied on the packaging in making his

6    purchase decision.

7        5.      Defendant One World Technologies, Inc. d/b/a Ryobi Outdoor Products is a

8    Delaware corporation with its principal place of business at 1428 Pearman Dairy Road, Anderson,

9    South Carolina 29625.  Defendant manufactures, markets, and distributes the Ryobi Sprayer

10   throughout the United States at Home Depot home improvement stores.

## JURISDICTION AND VENUE

12       6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

13   § 1332(d) because there are more than 100 class members and the aggregate amount in controversy

14   exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a

15   citizen of a state different from Defendant.

16       7.      This Court has personal jurisdiction over Defendant because Defendant conducts

17   substantial business within California such that Defendant has significant, continuous, and

18   pervasive contacts with the State of California.  Defendant is registered to do business in the State

19   of California.

20       8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant

21   does substantial business in this District, a substantial part of the events giving rise to Plaintiff's

22   claims took place within this District because Plaintiff purchased the Ryobi Sprayer in this District

23   and resides in this District.

## COMMON FACTUAL ALLEGATIONS

25       9.      Defendant is a corporation that sells power tools and other home equipment

26   products in the United States and other countries around the world.  Defendant claims to be "one of

27   the world's largest and most innovative power tool and outdoor product manufacturers."  In the

28   United States, Defendant has an exclusive agreement to sell its products at Home Depot.  One of

---

FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 2:19-CV-01291-TLN-DB

the products Ryobi sells is an 18V One+ 4 Gal. Backpack Chemical Sprayer.  The Ryobi Sprayer's model number is P2840.  The Ryobi Sprayer has a tank that can hold up to four gallons of liquid chemicals.  It also has a four-foot-long hose that is designed to distribute the chemicals from the tank to the sprayer wand.



10.     On its website, Defendant states that the Ryobi Sprayer can "easily distribute herbicides, pesticides and fertilizer in your yard."  Defendant further states that the Ryobi Sprayer is "the perfect tool" and emphasizes that "no pumping [is] required."  The manual states that "[y]our chemical sprayer has been engineered and manufactured to our high standard for dependability, ease of operation, and operator safety."  The manual also states that the Ryobi Sprayer "keeps fluid continuously cycling through the tank to allow pump-free spraying."

11.     Unfortunately, as Plaintiff Rouze experienced, the Ryobi Sprayer does not work as represented and has Defects that makes it dangerous to use.  The hose can easily become disconnected from the sprayer wand and cause the user to be sprayed with dangerous chemicals like Mr. Rouze was.  To make matters worse, the Ryobi Sprayer continues to pump even after the hose detaches from the sprayer wand.

12.     Numerous other companies make backpack sprayers similar to the Ryobi Sprayer purchased by Mr. Rouze.  Many of these other backpack sprayers have been on the market prior to

the introduction of the Ryobi Sprayer in January 2018.  As a direct competitor of these other companies, Ryobi is undoubtedly aware of these other backpack sprayers and had knowledge about their parts, materials, features and design when it was designing and manufacturing the Ryobi Sprayer.  Many of these other sprayers include higher quality parts and materials than the Ryobi Sprayer.  Those superior parts and materials help prevent their sprayer wands and hoses from being disconnected from each other or the backpack unit.  Those parts include stainless-steel wands, brass components and fittings, and high-quality seals and gaskets.  Many of these other sprayers also include shut-offs that are not included in the Ryobi Sprayer and can help prevent the user from being sprayed with chemicals like Mr. Rouze was.

13.     For example, the Field King Max 190348 Backpack Sprayer has been on the market in the United States since at least 2014.  It includes a stainless-steel wand, brass components, and "the highest quality Viton seals."  It also has an internal "no leak" pump design and a premium shut-off with a nickel-plated valve for greater safety for the user of the sprayer.[1]

14.     Similarly, the Smith Performance NL400 No Leak Pump Backpack Sprayer has been on the market in the United States since at least 2016.  It also includes a stainless-steel wand, high-quality Viton seals and gaskets throughout the pump and shut-off.  It also has an internal "no leak" pump design and "superior shut-off" designed for greater safety for the user of the sprayer.[2]

15.     The My4Sons Battery Powered Backpack Sprayer has been on the market in the United States since at least 2016.  It has a "heavy-duty, reinforced hose" and a stainless-steel wand. It includes a "locking trigger" that "prevents accidental spraying" and "heavy-duty shoulder straps" that are "bolted to [the] sprayer [to] prevent accidental disconnection."[3]

---

[1] https://www.amazon.com/Field-King-190348-Professionals-Herbicides/dp/B006WVFJPC/ref=sr_1_2?dchild=1&keywords=field+king+max+190348&qid=1585882778&s=lawn-garden&sr=1-2 and https://www.thefountainheadgroup.com/products/field-kingreg-max-190348-backpack-sprayer-for-professionals-19.

[2] https://www.homedepot.com/p/Smith-Performance-Sprayers-4-Gal-Turf-and-Agricultural-No-leak-Backpack-Sprayer-190461/205714297 and https://www.amazon.com/Smith-Performance-Sprayers-Landscapers-Fertilizers/dp/B01AT587IC.

[3] https://my4sons.com/products/m4-battery-powered-backpack-sprayer and https://my4sons.com/pages/benefits.

16.     The Chapin 61900 Backpack Sprayer has been on the market in the United States since at least 2014.  It has a stainless-steel wand and high-quality Viton seals.  It has a "shut-off system" with "the CF valve automatically shutting it off if something goes wrong."[4]

17.     Since these products were on the market long before the Ryobi Sprayer and Defendant intended to compete directly with these products, Defendant had knowledge of these and other similar products when it designed and manufactured the Ryobi Sprayer.  Nevertheless, Defendant chose not to include the same superior parts, materials and features in its Ryobi Sprayer. Instead, Defendant chose to use inferior parts and materials.  It also chose not to include a shut-off in the product such that the Ryobi Sprayer would stop spraying if the hose disconnected from the sprayer wand or the unit.  In addition, Defendant likely conducted testing on the Ryobi Sprayer before introducing it to the market.  Any legitimate testing of the Ryobi Sprayer would have revealed that the hose could detach from the unit and that if the hose did detach, it would continue to pump dangerous chemicals.  As such, Defendant knew or should have known that purchasers of the Ryobi Sprayer could experience incidents like Mr. Rouze experienced.  Accordingly, Defendant had knowledge of the Defects in the Ryobi Sprayer while it was being designed and before it was introduced on the market and purchased by Mr. Rouze and others.

18.     Not surprisingly, since the Ryobi Sprayer was introduced in January 2018, consumers have complained about the same Defects as Mr. Rouze experienced.  On Ryobi's website, a consumer named Keith T stated that he purchased the Ryobi Sprayer and that "the hose from the tank to the wand ruptured … completely soaking me with chemical."  He also stated that "the hose was a very thin rubber/vinyl material that had no business holding pressurized liquid."

---

[4] https://www.amazon.com/dp/B001FA09S2?tag=tool-deals-p-20 and
https://bestofmachinery.com/best-backpack-sprayer/.



19.     Another review on Ryobi's website entitled "Very disappointed…" from a user named Jpbrennan34983 stated that the hose on his Ryobi Sprayer "split covering me with … [the weed killer] round-up."

20.     Likewise, on a Youtube video demonstrating how to use the Ryobi Sprayer, there is a discussion in the comments section about the quality of the wand.  In a reply comment, a user

named "Solely Ryobi" calls the amount of plastic used to create this product "concerning."  In another exchange on the same video, a user by the name of "Ron D." describes a defect with the handle where upon turning the unit on, "it immediately starts spraying."  Solely Ryobi replies that they "were concerned about the handle malfunctioning when [they] tested it."

21.     In a thread titled "Ryobi Battery Backpack Sprayer" on the website "The Lawn Forum," users discuss the merits of the Ryobi Sprayer as a whole.  After a short conversation regarding inconsistent wand pressure, a user posting under the name "njoy1389" details a possible issue with the included wand's pressure control.  Users in this thread hypothesize that it leaks if too loose, and often loses pressure quickly and reduces to a trickle if too tight.  Two users in the discussion posted pictures of their "upgraded" backpack rigs that include a metal wand instead of the plastic wand included on the units sold at retail.

22.     On Home Depot's detail page for the Ryobi Sprayer, multiple consumers describe having issues with the product.  A consumer known as 'JB' reports that "after using [the sprayer] for about 5 minutes the back side of the spray wand blew apart while under pressure and got all over my grass."  Another Home Depot consumer leaving a review using the screen name "yarddude" reported that upon first use, the backpack's tank began leaking, soaking him in dangerous chemicals.  One consumer under the name "Jc" experienced a problem with the pump motor where it "continues to run if you run out of liquid.  It should really shut off[...]". Two more users by the names "Jaxbulldawg" and "willie F" cite "cheap" wand quality and a blown-out wand hose, respectively.

23.     The Defects involve a critical safety-related component of the Ryobi Sprayer, and it was unsafe to use the Ryobi Sprayer because of its significant likelihood of spraying the user with dangerous chemicals.  Moreover, even after the wand disconnects from the hose, the pump continues to output chemicals causing the user to be drenched.  These Defects have been reported on Defendant's website as well as on the website of its exclusive retailer Home Depot.  As such, Defendant had knowledge of the Defects, which were not known to Plaintiff or Class Members.

**CLASS REPRESENTATION ALLEGATIONS**

24.     Plaintiff seeks to represent a class defined as all persons in the United States who purchased the Ryobi Sprayer (the "Class").  Excluded from the Class are persons who made such purchases for purpose of resale.

25.     Plaintiff also seeks to represent a subclass of all Class Members who purchased the Ryobi Sprayer in the State of California (the "Subclass").

26.     At this time, Plaintiff does not know the exact number of members of the aforementioned Class and Subclass ("Class Members" and "Subclass Members," respectively); however, given the nature of the claims and the number of retail stores in the United States selling the Ryobi Sprayer, Plaintiff believes that Class and Subclass Members are so numerous that joinder of all members is impracticable.

27.     There is a well-defined community of interest in the questions of law and fact involved in this case.  Questions of law and fact common to the members of the Class that predominate over questions that may affect individual Class Members include, but are not limited to:

(a)     whether Defendant misrepresented and/or failed to disclose material facts concerning the Ryobi Sprayer;

(b)     whether Defendant's conduct was unfair and/or deceptive;

(c)     whether Defendant has been unjustly enriched as a result of the unlawful conduct alleged in this Complaint such that it would be inequitable for Defendant to retain the benefits conferred upon Defendant by Plaintiff and the Class; and

(d)     whether Plaintiff and the Class have sustained damages with respect to the claims asserted, and if so, the proper measure of their damages.

28.     With respect to the Subclass, additional questions of law and fact common to the members that predominate over questions that may affect individual members include whether Defendant violated the Consumers Legal Remedies Act, California's Unfair Competition Law, and the Song-Beverly Warranty Act.

29.     Plaintiff's claims are typical of those of the Class because Plaintiff, like all members of the Class, purchased, in a typical consumer setting, the Ryobi Sprayer, and Plaintiff sustained damages from Defendant's wrongful conduct.

30.     Plaintiff will fairly and adequately protect the interests of the Class and Subclass and has retained counsel that is experienced in litigating complex class actions.  Plaintiff has no interests that conflict with those of the Class or the Subclass.

31.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

32.     The prosecution of separate actions by members of the Class and the Subclass would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another might not.  Additionally, individual actions could be dispositive of the interests of the Class and the Subclass even where certain Class or Subclass Members are not parties to such actions.

### COUNT I
**Fraud by Omission**

33.     Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

34.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

35.     This claim is based on fraudulent omissions concerning the Defects in the Ryobi Sprayer.  As discussed above, Defendant concealed and failed to disclose that the Ryobi Sprayer had dangerous Defects and that those Defects were substantially likely to manifest through the customary and intended use of the product.

36.     The false and misleading omissions were made with knowledge of their falsehood prior to Plaintiff's purchase.  As shown above, Defendant was aware of the superior parts, materials, and features found in other competing backpack sprayers on the market before Defendant designed and manufactured the Ryobi Sprayer with inferior materials and parts and

failed to include safety features included in other competing sprayers.  Nonetheless, Defendant continued to sell the Ryobi Sprayer to unsuspecting consumers.

37.     Defendant had a duty to disclose these Defects to Plaintiff and the members of the proposed Class as Defendant knew that consumers like Plaintiff and the members of the proposed Class would purchase the Ryobi Sprayer and rely on Defendant to disclose material information about the product.

38.     The false and misleading omissions were made by Defendant and were material to a reasonable consumer.  Plaintiff and the members of the proposed Class and Subclass reasonably and justifiably relied upon Defendant's representations about the Ryobi Sprayer.  Those representations were intended to induce and actually induced Plaintiff and members of the proposed Class and Subclass to purchase the Ryobi Sprayer.

39.     By omitting information about the Defects, Defendant caused damage to Plaintiff and the members of the proposed Class and Subclass, who are entitled to damages and other legal and equitable relief as a result.

### COUNT II
### Unjust Enrichment

40.     Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

41.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

42.     Plaintiff and Class Members conferred benefits on Defendant by purchasing the Ryobi Sprayer.

43.     Defendant has been unjustly enriched in retaining the revenues derived from purchases of the Ryobi Sprayer by Plaintiff and Class Members.  Retention of those monies under these circumstances is unjust and inequitable because Defendant failed to disclose that the Ryobi Sprayer was unfit for use, or that the Defects were substantially likely to manifest through the customary and intended use of the Ryobi Sprayer.  These omissions caused injuries to Plaintiff and

Class Members because they would not have purchased the Ryobi Sprayer if the true facts were known.

44.     Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiff and Class Members is unjust and inequitable, Defendant must pay restitution to Plaintiff and Class Members for its unjust enrichment, as ordered by the Court.

### COUNT III
**Violation of California's Consumers Legal Remedies Act,
California Civil Code § 1750, *et seq.***

45.     Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

46.     Plaintiff brings this claim individually and on behalf of the members of the proposed Subclass against Defendant.

47.     Civil Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." Civil Code § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." Civil Code § 1770(a)(9) prohibits "advertising goods or services with intent not to sell them as advertised."

48.     Defendant violated Civil Code § 1770(a)(5), (a)(7) and (a)(9) by holding out the Ryobi Sprayer as fit for use, when in fact it was defective and dangerous.

49.     The Defects involve critical safety-related components of the Ryobi Sprayer, and it was unsafe to use the Ryobi Sprayer with the Defects.

50.     Defendant had exclusive knowledge of the Defects, which were not known to Plaintiff or Class Members.

51.     Defendant made partial representations to Plaintiff and the Class Members, while suppressing the safety Defects. Specifically, by displaying the Ryobi Sprayer and describing its features, the product packaging and Defendant's website implied that the Ryobi Sprayer was

suitable for use, without disclosing that the Ryobi Sprayer had critical safety-related Defects that could result in harm to users of the Ryobi Sprayer.

52.     Plaintiff and the Subclass Members have suffered harm as a result of these violations of the CLRA because they have incurred charges and/or paid monies for the Ryobi Sprayer that they otherwise would not have incurred or paid.

53.     On October 18, 2018, prior to the filing of this Complaint, Plaintiff's counsel sent Defendant a CLRA notice letter, which complies in all respects with California Civil Code §1782(a).  The letter was sent via certified mail, return receipt requested, advising Defendant that it was in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom.  The letter stated that it was sent on behalf of Plaintiff and all other similarly situated purchasers.  A true and correct copy of Plaintiff's CLRA letter is attached hereto as Exhibit A.

**COUNT IV**
**Violation California's Unfair Competition Law,**
**Bus. & Prof. Code § 17200, *et seq.***

54.     Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

55.     Plaintiff brings this claim individually and on behalf of the members of the proposed Subclass against Defendant.

56.     By committing the acts and practices alleged herein, Defendant has violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, as to the Subclass, by engaging in unlawful, fraudulent, and unfair conduct.

57.     Defendant has violated the UCL's proscription against engaging in unlawful conduct as a result of its violations of the CLRA, Cal. Civ. Code § 1770(a)(5) and (a)(7) as alleged above.

58.     Defendant's acts and practices described above also violate the UCL's proscription against engaging in fraudulent conduct.

59.     As more fully described above, Defendant's misleading marketing, advertising, packaging, and labeling of the Ryobi Sprayer is likely to deceive reasonable consumers.

60.     Defendant's acts and practices described above also violate the UCL's proscription against engaging in unfair conduct.

61.     Plaintiff and the other Subclass Members suffered a substantial injury by virtue of buying the Ryobi Sprayer that they would not have purchased absent Defendant's unlawful, fraudulent, and unfair marketing, advertising, packaging, and omission about the defective nature of the Ryobi Sprayer.

62.     There is no benefit to consumers or competition from deceptively marketing and omitting material facts about the defective nature of the Ryobi Sprayer.

63.     Plaintiff and the other Subclass Members had no way of reasonably knowing that the Ryobi Sprayer they purchased was not as marketed, advertised, packaged, or labeled.  Thus, they could not have reasonably avoided the injury each of them suffered.

64.     The gravity of the consequences of Defendant's conduct as described above outweighs any justification, motive, or reason therefore, particularly considering the available legal alternatives that exist in the marketplace, and such conduct is immoral, unethical, unscrupulous, offends established public policy, or is substantially injurious to Plaintiff and the other members of the Subclass.

65.     Pursuant to California Business and Professional Code § 17203, Plaintiff and the Subclass seek an order of this Court that includes, but is not limited to, an order requiring Defendant to:

    (a)     provide restitution to Plaintiff and the other Subclass Members;

    (b)     disgorge all revenues obtained as a result of violations of the UCL;

    (c)     pay Plaintiff's and the Subclass' attorney's fees and costs.

## COUNT V
**Breach of Implied Warranty – Song Beverly Consumer Warranty Act,**
**Civil Code § 1790 *et seq.***

66.     Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

67.     Plaintiff brings this claim individually and on behalf of the members of the proposed Subclass against Defendant.

68.     Under the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790, *et seq*., every sale of consumer goods in this State is accompanied by both a manufacturer's and retail seller's implied warranty that the goods are merchantable, as defined in that Act.  In addition, every sale of consumer goods in this State is accompanied by both a manufacturer's and retail seller's implied warranty of fitness when the manufacturer or retailer has reason to know that the goods as represented have a particular purpose and that the buyer is relying on the manufacturer's or retailer's skill or judgment to furnish suitable goods consistent with that represented purpose.

69.     The Ryobi Sprayer is a "consumer good" within the meaning of Cal. Civ. Code § 1791(a).

70.     Plaintiff and the Subclass Members who purchased the Ryobi Sprayer are "retail buyers" within the meaning of Cal. Civ. Code § 1791.

71.     Defendant is, and at all relevant times was, a merchant engaged in the business of manufacturing and distributing, among other things, the Ryobi Sprayer.

72.     Defendant is a manufacturer and merchant with respect to goods of this kind, which were sold to Plaintiff and other consumers, and there was in the sale to Plaintiff and other consumers an implied warranty that those goods were merchantable and that they were fit for its intended use.

73.     Defendant impliedly warranted to retail buyers that the Ryobi Sprayer was merchantable in that it would: (a) pass without objection in the trade or industry under the contract description, and (b) was fit for the ordinary purposes for which the Ryobi Sprayer is used.  For a consumer good to be "merchantable" under the Act, it must satisfy both of these elements. Defendant breached these implied warranties because the Ryobi Sprayer was defective.  Therefore, the Ryobi Sprayer would not pass without objection in the trade or industry and was not fit for the ordinary purpose for which it is used.

74.     Plaintiff and Subclass members purchased the Ryobi Sprayer in reliance upon Defendant's skill and judgment in properly packaging and labeling the Ryobi Sprayer.

75.     The Ryobi Sprayer was not altered by Plaintiff or Subclass members.

76.     However, Defendant breached that warranty implied in the contract for the sale of goods in that the Ryobi Sprayer is dangerously defective, lacks even the most basic degree of fitness for ordinary or intended use, and is not safe for human use as set forth in detail herein above.

77.     The Ryobi Sprayer is defective and unusable because it was distributed to the public containing harmful Defects, and because the Defects were substantially likely to manifest through the customary and intended use of the Ryobi Sprayer.  As a result, the Ryobi Sprayer was not usable and dangerous to the health and safety of its users.

78.     As a direct and proximate result of this breach of warranty by Defendant, Plaintiff and Subclass members have been damaged by paying monies for the Ryobi Sprayer that is completely unusable and unfit for its intended purpose.  Plaintiff seeks damages in an amount to be proven at trial for the injuries suffered from Defendant's breach of the implied warranties.  The damages suffered by Plaintiff and the Subclass members include, but are not limited to, the monies paid to Defendant for the Ryobi Sprayer.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seek judgment against Defendant, as follows:

a.     For an order certifying the nationwide Class and the Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and Subclass Members;

b.     For an order declaring the Defendant's conduct violates the statutes referenced herein;

c.     For an order finding in favor of Plaintiff, the nationwide Class, and the Subclass on all counts asserted herein;

d.     For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

1    e.    For pre-judgment interest on all amounts awarded;

2    f.    For an order of restitution and all other forms of monetary relief;

3    g.    For an order awarding Plaintiff and the Class and Subclass their reasonable

4         attorney's fees and expenses and costs of suit.

5              **<u>DEMAND FOR TRIAL BY JURY</u>**

6    Plaintiff demands a trial by jury of all issues so triable.

7
8    Dated: April 7, 2020                    **BURSOR & FISHER, P.A.**

9                                    By:    */s/ L. Timothy Fisher*
10                                           L. Timothy Fisher

11                                   L Timothy Fisher (State Bar No. 191626)
12                                   1990 North California Blvd., Suite 940
                                     Walnut Creek, CA 94596
13                                   Telephone: (925) 300-4455
                                     Facsimile:  (925) 407-2700
14                                   E-mail: ltfisher@bursor.com

15                                   *Attorneys for Plaintiff*

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, L. Timothy Fisher, declare as follows:

1.      I am an attorney at law licensed to practice in the State of California and a member of the bar of this Court.  I am a partner at Bursor & Fisher, P.A., counsel of record for Plaintiff in this action.  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify thereto under oath.

2.      The Complaint filed in this action is filed in the proper place for trial under California Civil Code Section 1780(d) because Plaintiff resides in this district and a substantial portion of the transactions at issue occurred in this county.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed at Walnut Creek, California on July 11, 2019.


_____
                    L. Timothy Fisher

**EXHIBIT A**

# BURSOR & FISHER
**P.A.**

1990 N. California Blvd.
SUITE 940
WALNUT CREEK, CA 94596
www.bursor.com

L. TIMOTHY FISHER
Tel: 925.300.4455
Fax: 925.407.2700
ltfisher@bursor.com

October 18, 2018

**_Via Certified Mail - Return Receipt Requested_**

One World Technologies, Inc. d/b/a Ryobi Outdoor Products
1428 Pearman Dairy Road
Anderson, SC 29625

Home Depot U.S.A., Inc.
2455 Paces Perry Road
Atlanta, GA 30339

Re:     _Demand Letter Pursuant to California Civil Code § 1782_

To Whom It May Concern:

This letter serves as a preliminary notice and demand for corrective action by One World Technologies, Inc. d/b/a Ryobi Outdoor Products ("Ryobi") and Home Depot U.S.A., Inc. ("Home Depot") pursuant to the provisions of California Civil Code § 1782 and U.C.C. § 2-607(3)(A), on behalf of our client Richard Rouze and all other persons similarly situated.

In February 2018, Mr. Rouze purchased a Ryobi Cordless Backpack Chemical Sprayer (the "Sprayer") at a Home Depot store in Folsom, California to distribute weed killer in his yard. While using the Ryobi Sprayer at his home, the hose became detached from the sprayer wand causing Mr. Rouze to be sprayed in the face and body with weed killer. The sprayer continued to pump weed killer even after the hose detached. Other purchasers have reported similar problems with the Ryobi Sprayer. Ryobi failed to disclose this significant defect in the Sprayer. If Mr. Rouze had known about this defect, he would not have purchased the Ryobi Sprayer. By failing to disclose this defect, you have violated numerous provisions of California law including the Consumers Legal Remedies Act, California Civil Code § 1770, including but not limited to subsections (a)(5), (a)(7) and (a)(9).

We hereby demand that you immediately (1) cease and desist from fraudulently marketing the Ryobi Sprayer, and (2) make full restitution of all monies obtained from purchasers of that product.

**BURSOR & FISHER, P.A.**                                              page 2

It is further demanded that you preserve all documents and other evidence which refer or relate to any of the above-described practices including, but not limited to, the following:

1.      All documents regarding the advertisement and marketing of the Ryobi Sprayer;

2.      All documents concerning the sale of Ryobi Sprayer, including the total amount of money generated from the sale of that product;

3.      All documents concerning any testing or other research done regarding the safety of the Ryobi Sprayer;

4.      All communications with customers concerning complaints related to defects in the design of the Ryobi Sprayer;

5.      All documents concerning the identity of those individuals who purchased the Ryobi Sprayer; and

6.      All documents and/or communications between you and any retailer relating to the Ryobi Sprayer.

Please comply with this demand within 30 days from receipt of this letter.

We are willing to negotiate with you to attempt to resolve the demands asserted in this letter.  If you wish to enter into such discussions, please contact me immediately.  If I do not hear from you promptly, I will conclude that you are not interested in resolving this dispute short of litigation.

If you contend that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents immediately upon receipt of this letter, but in no event later than 30 days from the date of receipt.

Very truly yours,

L. Timothy Fisher
ltfisher@bursor.com