UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ROUZE, individually and on behalf of all others situated,<br><br>Plaintiff,<br><br>v.<br><br>ONE WORLD TECHNOLOGIES, INC. d/b/a RYOBI OUTDOOR PRODUCTS,<br><br>Defendant. | No. 2:19-cv-01291-TLN-DB<br><br>**ORDER** |

This matter is before the Court on Defendant One World Technologies d/b/a Ryobi Outdoor Product's ("Defendant") second Motion to Dismiss. (ECF No. 21.) Plaintiff Richard Rouze ("Plaintiff") filed an opposition. (ECF No. 24.) Defendant filed a reply. (ECF No. 25.) For the reasons set forth below, the Court hereby GRANTS in part and DENIES in part Defendant's motion with leave to amend. (ECF No. 21.)

///
///
///
///

## I. FACTUAL BACKGROUND[1]

Defendant sells an 18-volt chemical backpack sprayer (the "Sprayer") at Home Depot. (ECF No. 18 at 2–3.)  It is designed to distribute chemicals such as herbicides, pesticides, and fertilizer.  (*Id.* at 3.)  Plaintiff purchased the Sprayer at a Home Depot store on February 3, 2018. (ECF No. 20 at 4.)  Plaintiff reviewed the Sprayer manual and instructions before using.  (*Id.*) While using the Sprayer for the second time, the hose became detached from the wand causing Plaintiff to be sprayed in the face, mouth, and body with toxic weed killer.  (*Id.*)

On March 17, 2020, this Court held a hearing on Defendant's first motion to dismiss and granted Defendant's motion with leave to amend ("March 2020 Order").  (ECF No. 16.)  On April 7, 2020, Plaintiff filed a First Amended Complaint ("FAC").  (ECF No. 18.)  On May 26, 2020, Defendant filed the instant motion.  (ECF No. 23.)  On June 11, 2020, Plaintiff filed an opposition (ECF No. 24), and on June 18, 2020, Defendant filed a reply (ECF No. 25).

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

---

[1]   The Court will not reiterate all facts as they are contained within the transcript of the Court's March 17, 2020 hearing.

*Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 680.  While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling on a motion to dismiss, a court may only consider the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading

could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### III. ANALYSIS

Plaintiff's FAC alleges the following five claims:[2] (1) fraud by omission; (2) unjust enrichment; (3) violation of California's Consumer Legal Remedies Act (Cal. Civ. Code § 1790); (4) violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200); and (5) violation of the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1790). (*See* ECF No. 18.) Defendant argues the Court should dismiss Claims One through Four, the fraud-based claims, because the underlying fraud allegations fail as a matter of law. (ECF No. 22 at 12–19.) Defendant argues the Court should dismiss the fifth claim because Plaintiff has not stated a claim under the Song-Beverly Consumer Warranty Act. (*Id.* at 9–12.)

The Court will first address the fraud-based claims. The Court will analyze Claims One, Three, and Four together, consistent with the March 2020 Order.[3] (ECF No. 20 at 10–11.) Claim Two, unjust enrichment, will be analyzed separately because unlike Claims One, Three, and Four, it is not a standalone cause of action. (*See* ECF No. 20 at 11.) Instead, it is a "theory underlying a claim" that a defendant has been unjustly conferred a benefit through conditions, such as fraud. (*Id.*); *Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753, 772 (9th Cir. 2017); *Country Visions Inc. v. MidSouth LLC*, No. 2:15-cv-01740-TLN-CKD, 216 WL 1614585, at *6 (E.D. Cal. Apr. 22, 2016). In other words, the viability of unjust enrichment rests on whether there are viable fraud claims. The Court will then evaluate Plaintiff's Song-Beverly Warranty Consumer Act claim.

---

[2] Plaintiff's prior complaint alleged the following claims: (1) Fraud by Omission; (2) Unjust Enrichment; (3) violation of California Consumer Legal Remedies Act ("CLRA") (Cal. Civ. Code § 1750, *et seq.*); and (4) violation of California Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17200, *et seq.*). Plaintiff now adds a new claim of Breach of Implied Warranty under the Song-Beverly Act (Cal. Civ. Code § 1790, *et seq.*). (ECF No. 18.)

[3] Claims One, Three, and Four are analyzed together with the first claim because they are premised on the consumer complaint samples Plaintiff submitted to demonstrate presale knowledge. Plaintiff must prove Defendant's knowledge of a defect in a fraud case. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 (9th Cir. 2012).

A.     Fraud-Based Claims

Plaintiff specifically asserts a claim for fraud by omission. (ECF No. 18 at 10.) Defendant argues: (1) Plaintiff's claim fails to meet the heightened pleading standard; (2) Plaintiff failed to allege that Defendant had presale knowledge of the alleged defect; (3) Plaintiff failed to allege affirmative misrepresentation; and (4) Plaintiff has not and cannot state a claim for unjust enrichment.[4] (ECF No. 22 at 24.)

Generally, asserting a claim for fraud by omission requires Plaintiff to allege: (1) the concealment or suppression of material fact; (2) a duty to disclose the fact to Plaintiff; (3) intentional concealment with intent to defraud; (4) justifiable reliance; and (5) resulting damages. *Stewart v. Electrolux Home Products, Inc.*, 304 F. Supp. 3d 894, 904–05 (E.D. Cal. 2018). In the case of fraud by omission involving a defect, as is alleged here, Plaintiff must assert Defendant had knowledge of a defect at the time of sale. *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1027 (9th Cir. 2017). General allegations of exclusive knowledge do not support a claim of knowledge of a defect. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1147 (9th Cir. 2012) (holding that "access to the aggregate information and data regarding the risk of overheating is speculative and does not suggest how any tests or information could have alerted HP to the defect" (internal quotations omitted)). Plaintiffs who successfully allege awareness of a defect generally provide specific factual showings. *Id.*; *see also Cirulli v. Hyundai Motor Co.*, No. SACV 08-0854 AG (MLGx), 2009 WL 5788762, at *9–10 (C.D. Cal. Jun. 12, 2009) (finding that plaintiff established knowledge by alleging defendant tracked the National Highway Traffic Safety Administration database to track reports of defective frames). Because specific factual showings are required, the claims in Plaintiff's action are subject to a heightened pleading standard under Rule 9(b).

As a threshold matter, the Court will first address whether Plaintiff's first claim satisfies

---

[4] As to Defendant's argument that Plaintiff's fraud claims should be dismissed because Plaintiff failed to allege affirmative misrepresentation, (ECF No. 22 at 22), Defendant mischaracterizes Plaintiff's position. Plaintiff does not claim fraud by affirmative misrepresentation. (ECF No. 24 at 7.) In fact, Plaintiff's allegations repeatedly show he is trying to assert a fraud by omission claim. (*See generally* ECF No. 18; *see also* ECF No. 24 at 7.) Therefore, the Court will not address arguments with respect to affirmative misrepresentation.

5

the Rule 9(b) pleading standard.  The Court will then turn to Defendant's specific arguments.

> *i.*        *Rule 9(b) Pleading Standard*

The Court finds that Plaintiff's FAC fails to satisfy Rule 9(b).  Fraud claims are subject to the heightened pleading standard as required by Federal Rule of Civil Procedure ("Rule") Rule 9(b).  Fed. R. Civ. P. 9(b); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).  There are several purposes for Rule 9(b): (1) to provide defendants notice to defend against allegations; (2) to deter plaintiffs from filing complaints as a tool for discovery; (3) to protect defendants from reputation harm that may result from fraud charges; and (4) to prohibit plaintiffs from exhausting resources absent some factual basis.  *Kearns*, 567 F.3d at 1125.

While Plaintiff previously argued the Rule 9(b) standard is relaxed in claims of fraud by omission (ECF No. 10 at 8–9), this Court held in the March 2020 Order that a "relaxed standard" does not mean a *reduced standard*.  (ECF No. 20 at 9).  The relaxed standard simply means Plaintiff need not allege the specific time of an omission or the place it occurred because doing so would generally not be possible.  *Stewart*, 304 F. Supp. 3d at 906.  Fraud by omission can be difficult to plead because it asserts "a failure to act as opposed to an affirmative act." *Baggett v. Hewlett-Packard Co.*, 582 F. Supp. 2d 1261, 1267 (C.D. Cal. 2007).  But Plaintiff must still allege facts regarding fraudulent nondisclosure (or fraud by omission) at a heightened standard.  *Kearns*, 567 F.3d at 1127.

> "[T]o plead the circumstances of omission with specificity, [a] plaintiff must describe the content of the omission and where the omitted information should or could have been revealed, as well as provide representative samples of advertisements, offers, or other representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information."

*Stewart*, 304 F. Supp. 3d at 907 (citing *Eisen v. Porsche Cars N.A., Inc.*, No. 11–cv–9405 CAS (FEMx), 2012 WL 841019, at * 3 (C.D. Cal. Feb. 22, 2012)); *see also In re Ford Motor Co. DPS6 Powershift Transmission Prods. Liab. Litig.*, 483 F. Supp. 3d 838, 846 (C.D. Cal. 2020) (noting "a plaintiff must describe the content of the omission and where the omitted information should or could have been revealed" to plead the existence of an omission sufficient to support a fraud claim).

1    The Court previously determined Plaintiff's initial Complaint failed to meet the
2 heightened pleading standard because Plaintiff did not adequately assert allegations surrounding
3 the content of omission or Plaintiff's reliance on the omission.  (ECF No. 20 at 10–11.)
4 Plaintiff's additional allegations are insufficient to cure this deficiency.  In the FAC, like the prior
5 complaint, Plaintiff alleges Defendant made fraudulent omissions.  (ECF No. 18 at 11.)  But
6 Plaintiff's allegations remain conclusory, stating: "this claim is based on fraudulent omissions . . .
7 the false and misleading omissions were made with knowledge of their falsehood . . . the false
8 and misleading omissions were made by Defendant."  (*Id.* at 10–11.)  Plaintiff still fails to
9 describe the content of the omissions as required by this Court (ECF No. 20 at 10–11) and
10 *Stewart*.

11    Despite the Court's prior ruling otherwise, Plaintiff maintains *Parenteau v. General*
12 *Motors*, No. CV 14-04961-RGK (MANx), 2015 WL 1020499, at *8 (C.D. Cal. March 5, 2015),
13 establishes that Plaintiff can allege knowledge under a reduced standard.  (ECF No. 24 at 13.)  To
14 the contrary, however, *Parenteau* is clear the Rule 9(b) particularity requirement is related to the
15 omissions themselves.  *Parenteau v. General Motors, LLC*, 2015 WL 1020499, at *8.  A plaintiff
16 must allege the "who, what, why and how."  *Id.*  Specifically, a plaintiff must "set forth an
17 explanation as to why [the] omission complained of was false or misleading.  *Herremans v. BMW*
18 *of North America, LLC*, No. CV 14-02363 MMM (PJWx), 2014 WL 5017843 at *9 (C.D. Cal.
19 Oct. 3, 2014).

20    Here, Plaintiff's FAC provides only conclusory statements such as "Defendant's
21 misleading marketing, advertising, packaging, and labeling of the Ryobi Sprayer is likely to
22 deceive individuals."  (ECF No. 18 at 13.)  Plaintiff alleges he relied on the product's
23 "packaging" but fails to allege what was specifically included in the packaging or what was
24 omitted on the package.  (*Id.* at 3.)  Plaintiff makes no further allegations regarding the packaging
25 but includes allegations regarding the manual which are not persuasive because they fail to allege
26 *any* specific statement by Defendant that go to the "absolute characteristics" of the Sprayer.
27 *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 973 (N.D. Cal. 2008) (holding that
28 "generalized, vague, and unspecified assertions constitute 'mere puffery' upon which a

7

reasonable consumer could not rely, and hence are not actionable"). The aforementioned generalized assertions from Defendant are not enough. *Id.*. Accordingly, these allegations are insufficient under the Rule 9(b) heightened pleading standard.

                ii.        *Claim One, Three, and Four: Requisite Knowledge for Fraud-Based Claims*

The purpose of consumer fraud law is to "prevent sellers from deceiving consumers about their products and services." *Lassen v. Nissan N. Am., Inc.*, 211 F. Supp. 3d 1267, 1287 (C.D. Cal. 2016). Defendants are duty bound to disclose any *known* defects when "there are safety concerns associated with the product's use." *Morgan v. Harmonix Music Sys., Inc.*, No. C08-5211 BZ, 2009 WL 2031765, at *4 (N.D. Cal. July 7, 2009). Therefore, an element in consumer fraud law claims is a defendant's prior knowledge of the defect. *Lassen*, 211 F. Supp. at 1287.

At issue is whether Plaintiff adequately pleaded Defendant had knowledge, at the time Plaintiff purchased the Sprayer, that the Sprayer's wand detaches from the hose. (ECF No. 18 at 2.) Plaintiff's original Complaint asserted: (1) Defendant's Sprayer had a design defect; (2) Defendant failed to disclose the defect to Plaintiff; and (3) consumer complaints revealed Defendant had knowledge of the defect. (ECF No. 1 at 4–6.) Now, Plaintiff alleges in his FAC: (1) "false and misleading omissions were made with knowledge of their falsehood prior to Plaintiff's purchase"; (2) Defendant had knowledge of competitor products' parts when they designed and manufactured the Sprayer; (3) Defendant likely conducted testing on the Sprayer before introducing it to market which would have revealed the defect; and (4) Defendant had a duty to disclose these defects to Plaintiff and the members of the proposed class. (ECF No. 18 at 6–11.) Presale knowledge refers to the defendant's actual knowledge of an alleged defect, prior to or at time of sale to the plaintiff. *Williams*, 851 F.3d at 1027; *see also Parenteau*, 2015 WL 1020499, at *7 (analyzing proof of defendant knowledge of a defect prior to sale).

In its March 2020 Order, the Court stated, "Plaintiff must . . . specifically allege a defendant's actual knowledge of a product defect in fraud-based claims." (ECF No. 20 at 9.) The Court further stated "a plaintiff must describe the content of the omission and where the omitted information should or could have been revealed. . . . [F]or consumer protection claims, the

plaintiff must allege how the defendant obtained knowledge of the specific defect prior to the plaintiff's purchase of the defective product." (*Id.*)

Plaintiff argues online complaints, Defendant's pre-production market research, and pre-release testing together demonstrate presale knowledge. (ECF No. 24 at 14.) However, Plaintiff does not plead Defendant conducted pre-production market research and pre-release testing. (ECF No. 18 at 6.) Plaintiff alleges only that Defendant "likely conducted testing." (*Id.*)

Absent pre-production market research and pre-release testing allegations, Plaintiff argues his FAC includes two general bases to support an inference of presale knowledge: consumer complaints and product testing. (ECF No. 24 at 14.) The Court will address each argument.

*a) Consumer Complaints*

The March 2020 Order held that Plaintiff failed to allege Defendant's knowledge of the defect because all cited consumer complaints postdated Plaintiff's purchase. (ECF No. 20 at 10.) Moreover, the Court held the cited consumer complaints did not demonstrate whether they would have properly notified Defendant of the defect. (*Id.*)

Plaintiff's FAC contains nearly identical consumer complaints. (ECF No. 18 at 6–9.) There is only one new cited consumer complaint, and the defect described is not the same as the one Plaintiff experienced. (ECF No. 18 at 7 (describing a "split hose" while operating the Sprayer).) Finally, Plaintiff concedes in his opposition that complaints posted online after Plaintiff made his purchase cannot form the basis for a fraud claim. (ECF No. 24 at 13–14.) Therefore, the cited consumer complaints suffer the same deficiencies as before and cannot be used to support an allegation of presale knowledge. *Tomek v. Apple Inc.*, 636 F. App'x 712, 713 (9th Cir. 2016) (finding that "references to consumer complaints do not cure . . . the defect because those complaints were posted after [plaintiff] purchased his MacBook Pro").

*b) Product Testing*

Courts will consider product testing as a basis to plead fraud when the allegations include additional information that infers testing is complete, such as testing data. *See Victorino v. FCA US LLC*, No. 16cv1617-GPC(JLB), 2016 WL 6441518, at *8 (S.D. Cal. Nov. 1, 2016) (noting "Plaintiffs allege that Defendant had exclusive knowledge of the . . . defect since at least early

9

1    2012 through 'pre-release testing data, . . . [from] testing conducted in response to . . .
2    complaints"); *see also MacDonald v. Ford Motor Co.*, 37 F. Supp. 3d 1087, 1093 (N.D. Cal.
3    2014) (noting "Plaintiffs allege . . . Ford had access to pre-production testing, pre-release testing
4    data, testing conducted in response to complaints").

5    Plaintiff's allegations that Defendant likely conducted product testing are insufficient to
6    establish presale knowledge. *Stewart*, 304 F. Supp. 3d at 907; (*see also* ECF No. 18 at 6 (alleging
7    that Defendant "likely conducted testing on the Ryobi Sprayer before introducing it to the
8    market" and thus inferring Defendant had exclusive knowledge)). Defendant argues Plaintiff's
9    general allegations of testing are speculative at best and cannot support a claim of actual
10   knowledge. (ECF No. 22 at 20.) Plaintiff asserts in opposition that complaints posted on various
11   websites, pre-production market research, and pre-release testing together demonstrate presale
12   knowledge. (ECF No. 24 at 14.) However, allegations that Defendant *completed* pre-production
13   market research and pre-release testing are not mentioned within Plaintiff's FAC. (ECF No. 18 at
14   6 (mentioning that Defendant "likely conducted testing").)

15   Because Plaintiff fails to sufficiently allege Defendant had presale knowledge of the
16   defect, the Court finds Plaintiff fails to satisfy the knowledge element needed to assert claims of
17   fraud. *Williams*, 851 F.3d at 1027. Accordingly, Defendant's motion to dismiss Claims One,
18   Three, and Four is GRANTED with leave to amend.

19               *iii.    Claim Two: Unjust Enrichment*

20   Plaintiff's claim for unjust enrichment is nearly identical to the claim in his original
21   complaint. (C*ompare* ECF No. 18 at 10–11, *with* ECF No. 1 at 7–8). The only significant
22   difference is the FAC asserts that "Defendant has been unjustly enriched in retaining the revenues
23   derived from purchases of the Ryobi Sprayer by Plaintiff and [c]lass [m]embers." (ECF No. 18 at
24   11.) This Court previously dismissed the unjust enrichment claim because it was premised on the
25   same underlying conduct as Plaintiff's claims for fraud by omission and violations of the CLRA
26   and UCL. (ECF No. 20 at 11–12.) The same problem still exists in the FAC. Because this claim
27   is nearly identical to the unjust enrichment claim in the original Complaint and is grounded on the
28   same underlying conduct as the other fraud claims, the unjust enrichment claim fails as well.

Accordingly, Defendant's motion to dismiss Claim Two is GRANTED with leave to amend.

### B. Claim 5: Violation of Song-Beverly Warranty Consumer Act, California Civil Code § 1790[5]

The Song-Beverly Warranty Consumer Act "regulates warranty terms; imposes service and repair obligations on manufacturers, distributors and retailers who make express warranties; requires disclosure of specified information in express warranties; and broadens a buyer's remedies to include costs, attorney fees and civil penalties." *Nat'l R.V., Inc. v. Foreman*, 34 Cal. App. 4th 1072, 1080 (1995); *see also* Cal. Civ. Code § 1791. The product needs to satisfy a minimum level of quality insofar that it is in safe condition and substantially free of defects. *Beshwate v. BMW of N. Am., LLC*, No. 1:17-cv-00417-SAB, 2017 WL 6344451, at *8 (E.D. Cal. Dec. 12, 2017).

To state a claim of breach of implied warranty under the Song-Beverly Consumer Warranty Act, Plaintiff must allege the product is both defective and "did not possess even the most basic degree of fitness for ordinary use." *Keegan v. Am. Honda Motor Co., Inc.*, 838 F. Supp. 2d 929, 945 (C.D. Cal. 2012). Here, Plaintiff alleges Defendant breached an implied warranty of merchantability because the "Sprayer is dangerously defective, lacks even the most basic degree of fitness for ordinary or intended use, and is not safe for human use." (ECF No. 18 at 16.)

#### i. Defect

Defendant argues Plaintiff's claim fails because the FAC "does not contain factual allegations identifying what the design defects are." (ECF No. 22 at 14.) A product may be

---

[5] Plaintiff's original Complaint included a claim for breach of implied warranty that failed because he could not successfully establish vertical privity between himself and the Defendant, as required. (ECF No. 20 at 12.) The Court rejected Plaintiff's argument that vertical privity extends to him as a third-party beneficiary and instead followed the Ninth Circuit's holding in *Clemens*, which did not extend vertical privity between consumers and manufacturers. (ECF No. 20 at 12); *see also Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008). Plaintiff now brings a claim for breach of implied warranty under the Song-Beverly Warranty Consumer Act, which does not require vertical privity. *Allen v. Similasan Corp.*, 96 F. Supp. 3d 1063, 1075 (S.D. Cal. 2015).

1 defective in design "if the Plaintiff demonstrates that the product failed to perform as safely as an
2 ordinary consumer would expect when used in an intended or reasonably foreseeable manner."
3 *Campbell v. Gen. Motors Corp.*, 32 Cal. 3d 112, 118 (1982). The Court's March 2020 Order held
4 that "Plaintiff makes a sufficient factual showing of defect to survive a motion to dismiss." (ECF
5 No. 22 at 11.) The Court finds the same is true with respect to Plaintiff's FAC. Plaintiff alleges
6 "the hose can easily become disconnected from the sprayer wand and cause the user to be sprayed
7 with dangerous chemicals . . . the hose became detached from the sprayer wand causing
8 [Plaintiff] to be sprayed in the face, mouth, and body with toxic weed killer." (ECF No. 18 at 2–
9 7.) Plaintiff makes the allegations several times and identifies the hose detaching from the
10 sprayer wand as part of a class of defects Defendant's product exhibits. (*Id.*) Plaintiff also states
11 the alleged defect appeared when "using the product at his home . . . to distribute weed killer in
12 his yard." (ECF No. 18 at 1–2.) Therefore, the Court finds Plaintiff adequately alleges a defect.

### ii.   *Fitness for Ordinary Use*

Generally, a product is considered fit for ordinary use if the product is in safe condition and substantially free from defects. *Stewart*, 304 F. Supp. 3d at 912. To adequately plead a breach of implied warranty for lack of fitness for ordinary use, a plaintiff must plead that the product does not possess even the most basic degree of fitness for ordinary use. *Id.* (citing *Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th 402, 406 (2003)). In other words, a defect that creates a safety hazard will be enough to render a product unfit for its ordinary purpose. *Id.* at 913. Courts also consider facts with respect to whether a plaintiff personally experienced the defects. *See id.* at 902 (evaluating plaintiff's appeals "on the basis of the defect as they have defined it and allege to have experienced it"); *see also Sloan v. Gen. Motors LLC*, 287 F. Supp. 3d 840, 879–80 (N.D. Cal. 2018).

Here, Plaintiff's core allegations of the defect are sufficient to infer the Sprayer is unusable and unfit for its intended purpose. Plaintiff alleges:

> "Ryobi Sprayer is defective because the Sprayer wand can easily become detached from the hose causing weed killer and other dangerous chemicals to spray the user . . . . [T]he hose became detached from the sprayer wand causing Mr. Rouze to be sprayed in the face, mouth, and body with toxic weed killer. The Ryobi Sprayer

12

>  also continued to pump weed killer on Mr. Rouze even after the hose detached."

(ECF No. 18 at 2–3.)

The Court agrees with Plaintiff that he can maintain an implied warranty claim when alleging that he personally experienced a defect. *See Sloan*, 287 F. Supp. 3d at 879-80.

Because Plaintiff alleges the Sprayer did not operate consistent with its intended purpose, the Court finds he has adequately stated a claim under the Song-Beverly Act. Accordingly, Defendant's motion to dismiss Claim Five is DENIED.

### IV. CONCLUSION

For the aforementioned reasons, the Court hereby GRANTS in part and DENIES in part Defendants' Motion to Dismiss (ECF No. 21) as follows:

1. Defendants' Motion to Dismiss Claims One through Four is GRANTED with leave to amend; and
2. Defendants' Motion to Dismiss Claim Five is DENIED.

Plaintiff shall file an amended complaint not later than thirty (30) days after the electronic filing date of this Order. Defendant shall file a responsive pleading not later than twenty-one (21) days after the electronic filing date of Plaintiff's amended complaint.

IT IS SO ORDERED.

**DATED: November 12, 2021**

Troy L. Nunley
United States District Judge